DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:     (415) 697-2000
Facsimile:      (415) 813-2045

RANDY J. RISNER
Interim City Attorney, SBN 172552
CITY OF VALLEJO, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Telephone:     (707) 648-4545
Facsimile:      (707) 648-4687

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, DAVID MCLAUGHLIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO COURTHOUSE

| | |
|---|---|
| ADRIAN BURRELL, an individual; and MICHAEL WALTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police; DAVID MCLAUGHLIN, individually and in his capacity as a City of Vallejo Police Officer and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, jointly and severally,<br><br>Defendants. | Case No. 2:19-cv-01898-WBS-KJN<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT (F.R.C.P. 12(B)(6)) OR, IN THE ALTERNATIVE, STRIKE THE COMPLAINT (F.R.C.P. 12(F)); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. William B. Shubb<br><br>Date:   April 6, 2020<br>Time:   1:30 p.m.<br>Ctrm:    5, 14th Floor |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on April 6, 2020, at 1:30 p.m., in Courtroom 5 of the above-entitled Court, located on the 14th Floor at 501 "I" Street in Sacramento, California, 95814, defendants City of Vallejo, Andrew Bidou, and David McLaughlin ("Defendants") will, and hereby do, move the Court for an order dismissing certain allegations in the Complaint, pursuant to F.R.C.P. 12(b)(6), on the grounds they fails to state a claim upon which relief can be granted or, in the alternative, F.R.C.P. 12(f), on grounds that they are redundant, immaterial, impertinent, or scandalous matter. Specifically, Defendants move to dismiss or strike Paragraphs 29(a)-(j), (m), (o), (q)-(u) (part of Plaintiffs' *Monell*[1] cause of action) because those allegations are not sufficiently similar to the subject incident for purposes of *Monell* liability. Defendants also move to dismiss Andrew Bidou and David McLaughlin, to extent each is sued in his official capacity (which is a duplicative claim against the City of Vallejo).

This motion is made following meet-and-confer between counsel.

This motion is further based on this Notice, on the Memorandum of Points and Authorities below, the [proposed] Order, and on such oral and/or documentary evidence as may be presented at the hearing of this motion.

**STATEMENT OF RELIEF SOUGHT**

Defendant seeks an order in its favor and against Plaintiff pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Rule 12(f), and dismissing certain portions of Plaintiffs' *Monell* claim with prejudice, as well as dismissing defendants Andrew Bidou and David McLaughlin in their official capacities.

Respectfully submitted,

Dated: February 21, 2020

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, DAVID MCLAUGHLIN

---

[1] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

366453.1

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether a *Monell* claim requires similarity for purposes of establishing custom, policy, or practice (and whether Plaintiffs' allegations are sufficiently similar).
2. Whether individuals sued in their official capacities only should be dismissed as official capacity suits are in effect suits against the public entity.

## I. INTRODUCTION

Paragraphs 29(a)-(j), (m), (o), (q)-(u) of the Complaint should be dismissed because they fail to state a claim upon which relief can be granted under Plaintiff's *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978) cause of action. Alternatively, they should be stricken because these same Paragraphs are redundant, immaterial, impertinent, and/or scandalous as they relate to a finding of liability under Plaintiffs' *Monell* claim. Additionally, Plaintiffs' official capacity claims against former Chief of Police Andrew Bidou and Officer McLaughlin should be dismissed as duplicative.

## II. STATEMENT OF FACTS

### A. Procedural Status

Plaintiffs Adrian Burrell and Michael Walton ("Plaintiffs"), both suing individually, filed their operative Complaint on September 19, 2019. (Dkt. No. 1). They named three defendants: City of Vallejo, Andrew Bidou, and David McLaughlin ("Defendants"). The City is sued as a municipal corporation; Bidou in his official capacity; McLaughlin in his individual and official capacities. (Dkt. No. 1, ¶¶ 7-9).

Plaintiffs served Defendants on October 9, 2019 (Dkt. No. 7). Per Federal Rule of Civil Procedure ("FRCP") 4(d)(3), Defendant's responsive pleading deadline was due October 30, 2019. The parties stipulated to extend this deadline until November 27, 2019, pursuant to Eastern District Local Rule 144(a) (Dkt. No. 8).  Thereafter, the parties submitted a stipulation and proposed order to extend the deadline to respond to "30 days following the Court's order on Defendants' motion to dismiss in the matter of *McCoy et al. v. City of Vallejo, et al."* (ECF No. 9).  The court thereafter accepted and entered this order unmodified on November 19, 2019. (ECF No. 10).

Before City of Vallejo filed its Rule 12(b)(6) in the *McCoy* case, it engaged in extensive meet-and-confer with opposing counsel in that case (same counsel as in the instant litigation). (Dkt. No. 6, 4:27-5:2, on the *McCoy* docket). The City proceeded to file its motion in McCoy, doing so on two separate and independent grounds: (1) that unfounded lawsuits may not serve as the basis for *Monell* liability; and (2) incidents being used as a basis for *Monell* must be sufficiently similar to the subject incident in question. (Dkt. No. 6, 7:12-11:8, on the *McCoy* docket). On January 23, 2020, the *McCoy* Court entered an order denying in part, and granting in part the City's Motion to Dismiss. See *McCoy v. City of Vallejo*, No. 219-cv-001191-JAM-CKD, 2020 WL 374356 (E.D. Cal. Jan. 23, 2020). United States District Judge Mendez declined the City's first rationale -- at least at the pleading stage -- but recognized the second. He found sufficiency of the Monell claim there because 6 of the 21 alleged lawsuits concerned officer-involved shootings (jut like*McCoy* concerned a shooting). (*Id.*, at 11:4-6) ("the Court finds the six incidents involving officer shootings, are just as factually pertinent to the facts at hand to survive a motion to dismiss.")

After the ruling in McCoy, Defendants in the instant case reached-out to Plaintiffs' counsel, to meet-and-confer before filing a motion to dismiss in the *Burrell* action. Although Defendants' respectfully disagreed with the *McCoy* Court's finding regarding the propriety of unfounded lawsuits as a valid basis for a *Monell* allegation, they did not raise the issue again. Rather, they specifically conveyed that the purpose of a motion to dismiss here (in *Burrell*) would only be effectuate the *McCoy* ruling. To-wit: Defendants sought to narrow the *Monell* allegations to those factually similar incidents. Plaintiffs declined to so limit their cause of action. Despite good-faith effort by both sides, the parties were unable to resolve their respectful disagreement.

Per FRCP 6(a)(1), Defendants' responsive pleading deadline in this case is Monday, February 24, 2020.

The parties met and conferred before the filing of this motion.

### B. Relevant Allegations from the Complaint

This is a civil rights action arising from a traffic stop for alleged speeding, with Plaintiffs allegedly detained and ultimately released. (Dkt. No. 1, ¶¶ 14-16, 21-22). Both Plaintiffs allege

some kind of force used against them (Walton, allegedly held at gunpoint; Burrell, allegedly thrown and swung) (*Id.*, at ¶¶ 18, 20). Officer McLaughlin was the allegedly involved officer. (*Id.*, ¶¶ 15-22). The Complaint does **not** allege that any of the following occurred during the interactions with Messrs. Burrell and Walton: officer-involved shooting (fatal or non-fatal); subject/detainee with mental illness; use of baton/pepper spray/Taser/less-lethal shotgun/K9; or the involvement of multiple officers.

The Complaint alleges eight causes of action. Against McLaughlin, Plaintiffs assert causes of action for alleged unlawful seizure under the Fourth Amendment, alleged excessive force under the Fourth Amendment, alleged retaliatory seizure under First Amendment allege retaliatory force under the First Amendment, negligence, violation of California Civil Code § 52.1, battery, assault, and/or intentional infliction of emotional distress. Against the City of Vallejo and former Chief of Police Andrew Bidou, Plaintiffs assert a single cause of action for *Monell* liability (*Id.*, at ¶¶ 41-46). *Monell* liability is raised under two theories: inadequate training/supervision/discipline (¶ 43) and ratification (¶¶ 42-43).

The heart of Plaintiffs' *Monell* claim is the theory that the Vallejo Police Department ("VPD") has a pattern and practice of using excessive force. (*Id.,* at ¶ 43). The proffered factual basis for that pattern and practice is prior, current, and/or anticipated future VPD-related lawsuits and other claims alleging excessive force. (*Id.,* at ¶ 29). Specifically, Plaintiffs have alleged 21 incidents involving unsubstantiated allegations of various misconduct to support their *Monell* claim (*Id.,* at ¶ 29(a)-(u).) The various incidents fall into five categories:

1. Settled lawsuits with no admission of wrongdoing (8) (¶ 29a-b, d-e, g-h, l, m);

2. Incident where no claim or lawsuit was filed (1) (¶ 29c);

3. Lawsuit that resulted in defense verdict (1) (¶ 29f);

4. Lawsuit dismissed for failure to prosecute (1) (¶ 29i); and

5. Pending claims and lawsuits where allegations are disputed (10) (¶ 29j-k, n-s, and t-u)

The majority of these claims and lawsuits were brought by the Law Offices of John L. Burris, which represents the Plaintiffs in this action. One of these cases produced defense verdict;

3

NTC AND MPA
2:19-CV-

none a plaintiff verdict. None of the settled cases involved a finding or admission of liability, or of misconduct. The remainder of the incidents are either still being contested, and/or are not in litigation yet. The only incident above to go to trial and be decided by a jury (*Connelly*) resulted in a defense verdict.

Plaintiffs have failed to allege how these incident involving very different factual circumstances show a pattern and practice of conduct that would support a *Monell* claim. Of the 21 incidents, only four involved factual allegations that could theoretically be related the alleged incident here: these are cases involving First Amendment-related arrest/use-of-force, officer allegedly going hands-on, alleged unlawful seizure, alleged failure to address handcuffing, and/or an alleged incident involving McLaughlin.[2] The remainder involved allegations of very different conduct, such as officer-involved shooting(s), deployment of a weapon(s) like a taser, officers interacting with the mentally-ill, the involvement of multiple officers. (Dkt. No. 1, ¶ 29). Because Plaintiffs have failed to allege how these unrelated claims support a theory of liability under *Monell*, even though they involve allegations of different uses of force under different circumstances, these allegations should be dismissed or stricken.

### III.   LEGAL ARGUMENT

#### A.   Standard of Review

Defendants move to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6) for failure of the complaint to state a claim upon which relief can be granted. FRCP 12(b)(6). A district court should grant a motion to dismiss if a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must possess more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[2] See Paragraph 29(k)-(l), (n), and (p).

In determining whether a complaint states a valid claim, the court need not accept legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Further, it is not "proper to assume that [a plaintiff] can prove facts that it has not alleged or that the defendants have violated [laws] in ways that have not been alleged." *Associated General California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft*, *supra*, 556 U.S. at 679.

> *Iqbal* and *Twombly* therefore prescribe a two-step process for evaluation of motions to dismiss. The court first identifies the nonconclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief.

*Lum v. County of San Joaquin*, 756 F.Supp.2d 1243, 1247 (E.D. Cal. 2010).

Dismissal is proper when the complaint fails to allege either a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (9th Cir. 2010).

FRCP 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and alteration omitted). Motions to strike "are generally disfavored [by courts] because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted). However, such motions should still be granted if "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *New York City*

*Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009).

In resolving a motion to strike, the pleadings must be viewed in the light most favorable to the nonmoving party. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, 2012 U.S. Dist. LEXIS 95467, *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

### B.   Dissimilar Events are Not a Proper Basis for *Monell* Liability

A municipality is generally not subject to liability under 42 U.S.C. § 1983 for the alleged unconstitutional acts of an employee. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The case of *Monell v. Dep't of Social Services* permits municipalities to be held liable for an unconstitutional custom, policy, or practice. *Id.* at 690. But, such liability may only be established one of three ways: (1) proof that municipal employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity; (2) proof that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged conduct was thus an act of official government policy; or (3) proof that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citations omitted).

Plaintiffs have alleged a *Monell* claim under the first and third theories: longstanding custom and practice of excessive force (via allegedly inadequate training, supervision, and discipline); and ratification by a final policy-making official. In support of their *Monell* cause of action, Plaintiffs cite to twenty-one prior instances of allegations brought against the CITY to establish a "pattern and practice of using excessive force and misconduct against citizens". (Dkt. No. 5, ¶ 29). Plaintiffs further allege these twenty-one instances are examples of the CITY's "failure to properly supervise its Officers and ratify their unconstitutional conduct". *Id.* Defendants move to strike several paragraphs from the Complaint pertaining to these prior unsubstantiated claims as redundant, immaterial, and/or impertinent to the Plaintiffs' *Monell*

cause of action, specifically Paragraphs 29(a)-(j), (m), (o), (q)-(u).

In order to demonstrate deliberate indifference to evidence a potential *Monell* violation for failure to train, Plaintiff needs to show "[a] pattern of similar constitutional violations by untrained employees." *Connick v. Thomson*, 563 U.S. 51, 62 (holding that four Brady violations were not sufficiently similar to the sort of Brady violation at issue in the case to establish deliberate indifference – i.e. failure to disclose blood evidence, a crime lab report, or physical or scientific evidence of any kind).   However, as to these paragraphs, the incidents described do not bear sufficient resemblance to the fact pattern at issue here to be pertinent.  In particular, the degree of force used (i.e. legal force versus non-lethal force) have different standards and therefore are trained on differently. See *Tennessee v. Garner*, 471 U.S. 1 (1985) (finding deadly force is justified only where the officer has probable cause to believe that a suspect poses a threat of serious physical harm, either to the officer or others); see also *Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. 2010) (finding a taser to fall into the category of non-lethal force); *Parkison v. Butte Cty. Sheriff's Dep't*, No. 2:09-CV-2257-MCE-DAD, 2013 WL 1007042, * 12 (E.D. Cal. Mar. 13, 2013), report and recommendation adopted, No. 2:09-CV-02257-MCE, 2013 WL 1345080 (E.D. Cal. Mar. 28, 2013) ("plaintiff cites to other cases that do not involve the use of PepperBall System by law enforcement. Because the cases do not involve the type of excessive force at issue here, the cases relied upon by plaintiff could not have put the Butte County Sheriff's Department or defendant Jones on notice of any widespread problem or a deficiency in training so as to prevent the alleged violation plaintiff's constitutional rights in this case.")

### C. Paragraphs (a)-(d), (j), and (o) (Six Incidents)

Paragraphs 29(a)-(d), (j), and (o) concern the Barrett, Romero, Moore, Huey, Ramos, and Foster matters, respectively. All are factually distinct from the subject incident because they concern allegations of deadly force by officers. Barrett, Romero and Moore, for example, allegedly concerning shooting unarmed men by the same officer (not Officer McLaughlin). Purported pattern by the same actor does not logically establish widespread practice amongst an entire department.  Huey alleged revolved around the shooting of a man engaged in a fist fight; Foster the shooting of a man after a bicycle stop. None of the shootings have any bearing on this

litigation: there was no shooting here (by an officer or anyone else).

### D.  Paragraph 29(e) and (m) (Two Incidents)

Paragraphs 29(e) and (m) concern the Brooks and Hall matters, respectively. Both are dissimilar from *Burrell* because they allegedly dealt with interactions with mentally-ill subjects (and involved multiple officers). Both men were allegedly in the midst of a mental-health episode when officers encountered each and used force again them (with a flashlight allegedly used against Hall). Neither situation is akin to the fact pattern in the instant lawsuit.

### E.  Paragraph 29(f) (One Incident)

Paragraph 29(f) is the *Connelly* case (*Connelly v. City of Vallejo*, et al., 2:16-cv-1604). That resulted in a defense verdict. The jury rejected Mr. Connelly's allegations of excessive force. A finding of *reasonable* force cannot logically support Plaintiffs' assertions of unreasonable force (nor are Defendants aware of any case authority supporting Plaintiffs' position). With respect to the unsubstantiated assertion of witness tampering and the like, such allegation is scandalous. It acts to undermine the jury system; undermine society's faith and trust in our judicial system.

### F.  Paragraphs 29(g)-(i), (q), and (t) (Five Incidents)

Paragraphs 29(g)-(i), (q), and (t) concern the Anderson, Ledesma, Shields, Bagos, and Jenkins matters, respectively. All stand apart because those five allegedly involved use of weapons (as well as multiple officers). Anderson revolved around an alleged vehicle stop that resulted in multiple tasings and punches; Ledesma alleged repeated tasings and metal baton strikes resulting in multiple fractures in two arms; Shields alleged a beatdown by multiple officers (including use of a baton and flashlight); Bagos alleged a hog-tie and beaten with a flashlight (while hog-tied); and Jenkins alleges being held at gun-point before eventually tasing. As above, these Paragraphs have nothing remotely in common with the factual allegations in this case.

### G.  Paragraph 29(r) (One Incident)

Paragraph 29(r) differs because it concerned alleged racial profiling and sexual assault. Ms. Thurston alleges she was stopped by officers based upon her race and, while stopped, sexually assaulted during a search of person. This is nothing like the Burrell lawsuit.

### H. Paragraph 29(s) (One Incident)

Paragraph 29(s) is separate because it alleged removal from a vehicle and prone restraint. Mr. Yescas contends officers forcibly removed him from his vehicle before placing in a prone restraint position (in which he could not breathe). There is no such allegation here.

### I. Paragraph (u) (One Incident)

Paragraph 29(u) is unique because it concerned comments by the City Manager at a City Council meeting. The City Manager is not a party to this case; this matter does not involve conduct at a City Council meeting.

These disparate allegations stand in stark contrast to what ultimately occurred in *McCoy v. City of Vallejo*, No. 219CV001191JAMCKD, 2020 WL 374356 (E.D. Cal. Jan. 23, 2020), the ruling the parties here had been waiting on. *McCoy* is instructive.

Defendants there also raised a "dissimilarity" argument; only 6 of the 21 alleged incidents involved an officer-involved shooting (fatal or otherwise). (Dkt. No. 6, 10:25-11:8 and Dkt. No. 9, 4:12-6:4, on the *McCoy* docket). In its ruling, the *McCoy* Court recognized the similarity requirement for *Monell* claims. "A *Monell* claim premised under a failure to train requires a pattern of similar constitutional violations by untrained employees to demonstrate deliberate indifference." *McCoy*, *supra*, at *4 (citing *Connick*) (internal quotations omitted). To this end, the Court found the *Monell* claim there sufficiently pled because 6 of the 21 incidents concerned officer-involved shootings. (*Id.*) ("the Court finds the six incidents involving officer shootings, are just as factually pertinent to the facts at hand to survive a motion to dismiss.")

In accordance with *McCoy*, Defendants respectfully request that Plaintiffs' *Monell* claim here be limited to Paragraphs 29(k)-(l), (n), and (p). Although Defendants respectfully disagree with the substance of the allegations pertaining to those cases, these are allegations that could theoretically bear similarity to the allegations at hand here (e.g. alleged First Amendment-related arrest/use-of-force, officer allegedly going hands-on (but no use of weapons), alleged unlawful arrest, alleged failure to address handcuffing, and/or alleged an incident involving McLaughlin).

Defendants note the instant motion, if successful, would not dispose of Plaintiffs' *Monell* allegations in their entirety. It would only streamline the cause of action so that it is based upon

things that, under the law, it may properly be based upon.

### J. Individuals Sued in Their Official Capacities Only Should be Dismissed

Defendants David McLaughlin and Andrew Bidou are named, in whole or in part, in their official capacities only. It is well established that an official capacity claim against an official is treated as a claim against the agency. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Ky. v. Graham*, 473 U.S. 159, 166 (1985). Individual defendants sued in an official capacity alongside the agency may be dismissed as redundant. *See Center for Bio-Ethical Reform v. L.A. County Sheriff Department*, 533 F.3d 780, 786 (9th Cir. 2008). The official capacity claims against both should be dismissed.

### IV. CONCLUSION

For the above reasons, Defendants request their Rule 12(b)(6) motion or, in the alternative, Rule 12(f), be granted.

Respectfully submitted,

Dated: February 21, 2020

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, DAVID MCLAUGHLIN