RANDY J. RISNER
Interim City Attorney, SBN 172552
CITY OF VALLEJO, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:   (707) 648-4545
Fax:   (707) 648-4687

DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:     (415) 697-2000
Facsimile:     (415) 813-2045

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, and DAVID MCLAUGHLIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BURRELL, an individual; and MICHAEL WALTON, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police; DAVID MCLAUGHLIN, individually and in his official capacity as Police Officer for the CITY OF VALLEJO; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, joint and severally,<br><br>　　　　　Defendants. | Case No. 2:19-cv-01898-WBS-KJN<br><br>**REPLY IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS THE COMPLAINT**<br><br>Hon. William B. Shubb<br><br>(To be Decided on the Papers, Unless Court Requests Telephonic Argument; See General Order 612) |

## I.   INTRODUCTION

Plaintiffs ADRIAN BURRELL and MICHAEL WALTON ("Plaintiff") misstate the

purpose of Defendants' motion. This is not the proverbial "second bite at the apple." Far from it. As stated in their moving papers, defendants CITY OF VALLEJO, ANDREW BIDOU, and DAVID MCLAUGHLIN ("Defendants") filed this motion for the express purpose of harmonizing the *Monell* allegations in this case with the *McCoy* ruling (i.e. ensuring that only factually similar events comprise a *Monell* claim). See Dkt. No. 14, 4:9-21: Defendants "specifically conveyed that the purpose of a motion to dismiss here (in *Burrell*) would only be effectuate the *McCoy* ruling. To-wit: Defendants sought to narrow the *Monell* allegations to those factually similar incidents. Plaintiffs declined to so limit their cause of action."

## II.  LEGAL ARGUMENT

Defendants' moving papers make two specific arguments: Plaintiffs' *Monell* allegations should be limited to factually similar incidents, but not dismissed entirely (Dkt. No. 14, 11:9-12:1); and defendants Bidou and McLaughlin should be dismissed as sued in their official capacity (Dkt. No. 14, 12:2-8). Defendants hereby respond to Plaintiffs' Opposition.

### A.  *Monell* Allegations

Plaintiffs' Opposition fails because it never addresses the central premise of Defendants' motion: that *Monell* must be premised upon factually similar incidents. It instead pursued a red herring: that defendants supposedly "claim Plaintiffs have not presented facts sufficient to support their *Monell* claim because Plaintiffs Operative Complaint describes 21 prior incidents of alleged misconduct which are not identical to the facts presented in this incident." (Dkt. No. 17, 13:6-9). This is not so, and Defendants reject Plaintiffs' attempt to recharacterize their motion. Defendants critique the Complaint for containing factually dissimilar events; they are not requiring factually identical incidents. Defendants only ask that the standard laid out by *Connick v. Thompson*, 563 U.S. 51 (2011) – the controlling authority and recognized in the *McCoy* ruling – be applied. This limitation is demonstrated in Defendants' moving papers, where they did not seek dismissal of Paragraphs 29(k)-(l), (n), and (p). Defendants recognized those four incidents, while not factually identical, are sufficiently similar for purposes of satisfying *Connick* (Dkt. No. 14, 11:21-26).

With respect to the remaining 17 incidents referenced in Paragraph 29 of the Complaint, Defendants discussed each in detail, describing why they did not satisfy Connick's similarity

requirement (Dkt. No. 9:21-12:1). Plaintiffs did not respond in kind. Rather, they generically asserted all 21 incidents are permissible because they all concern alleged excessive force, policy violation, and lack of discipline/retraining (Dkt. No. 17, 13:13-25). This is not the law as detailed by *Connick*; Plaintiffs do no cite any supporting case authority. To Defendants' knowledge, *Monell* may not be based upon a generalized claim of prior excessive force, irrespective of the manner of force.

The remainder of Plaintiffs' Opposition demonstrates Defendants' point -- it chooses to highlight Paragraphs 29(a)-(c). These were all shooting incidents. Whether or not an officer was properly trained in the use of deadly force has no bearing on officers' training regarding the issues here: alleged retaliatory arrest, unlawful arrest, non-weapons-related force, improper handcuffing, etc. Those alleged improper shootings do not make a *Monell* claim in *this* case.

### B. Official Capacity Defendants

The Opposition acknowledges the official capacity allegations against Bidou and McLaughlin are improper (Dkt. No. 17, 15:4-16). They seek leave to amend to name Bidou in his individual capacity. Defendants oppose that leave, but candidly recognize the likelihood it will be granted, in light of the liberality with how such requests are to be treated. If leave is granted, Defendants reserve the right the pleading sufficiency of any individual capacity against former Chief Bidou.

### III. CONCLUSION

For these reasons, Defendants respectfully request their motion be granted.

Respectfully submitted,

Dated:  March 30, 2020

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, and DAVID MCLAUGHLIN