UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ADRIAN BURRELL, an individual; and MICHAEL WALTON, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his official capacity as Chief of Police, DAVID MCLAUGHLIN, individually and in his official capacity as Police Officer for the CITY OF VALLEJO; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, jointly and severally,<br><br>    Defendants. | No. 2:19-cv-01898 WBS KJN<br><br>ORDER |

----oo0oo----

Defendants City of Vallejo ("the City"), Chief of Police for the City Andrew Bidou, and Officer David McLaughlin of the Vallejo Police Department (collectively "defendants") move to dismiss or strike Paragraphs 29(a)-(j), (m), (o), (q)-(u) in

1

plaintiffs' First Amended Complaint ("FAC"). (Mot. at 1 (Docket No. 14).)

I. Background

Plaintiffs Adrian Burrell and Michael Walton are cousins. (First Am. Compl. ("FAC") ¶ 13 (Docket No. 5).) On January 22, 2019, Walton drove his motorcycle to visit Burrell at his home. (Id. ¶¶ 13-14.) After Walton pulled into Burrell's driveway, Burrell saw a police car parked on the wrong side of the street behind Walton. (Id. ¶¶ 14-15.) Burrell walked onto his front porch to investigate, only to find Officer McLaughlin standing outside of his patrol car with his gun pointed at Walton. (Id. ¶ 15.) Burrell called out to Officer McLaughlin, and Officer McLaughlin ordered Burrell to go back inside. (Id. ¶ 16.) Burrell declined, and instead began filming the encounter from his porch. (Id. ¶ 17.)

Officer McLaughlin approached Walton with his gun raised and again commanded Burrell to "get back," although he had not left his porch. (Id. ¶ 18.) Then, Officer McLaughlin holstered his gun and rushed toward Burrell, accusing him of interfering with Walton's stop. (Id. ¶¶ 19-20.) He grabbed Burrell around his arms, threw him into the outside wall of his home, and swung him into a wooden pillar on his porch. (Id. ¶¶ 20, 23.) Officer McLaughlin handcuffed both Burrell and Walton and placed them in the back of his patrol car. (Id. ¶¶ 21-22.) He then cited Walton for speeding. (Id. ¶ 21.) Officer McLaughlin released the cousins, and Burrell was treated for injuries to his arm, shoulder, and head at the emergency room. (Id. ¶¶ 21-23.)

Plaintiffs allege, inter alia, a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), against defendants for failure to train and for ratification of unconstitutional conduct pursuant to 42 U.S.C. § 1983. (Id. ¶¶ 41-46.) Plaintiffs offer twenty-one incidents of alleged misconduct in Paragraph 29 to support this claim. (Id. ¶ 29.) Defendants now move to dismiss some of these examples under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, strike the provisions under Federal Rule of Civil Procedure 12(f). (Docket No. 14.)

II. Discussion

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) is supposed to test the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock Inc., 349 F.3d 1191, 1199-20 (9th Cir. 2003). Here, defendants argue not that plaintiff's Monell claim should be dismissed but that only paragraph 29(a)-(j), (m), (o), (q)-(u) should be dismissed because "[p]laintiffs have failed to allege how these incident[s] involving very different factual circumstances show a pattern and practice of conduct that would support a Monell claim" while conceding other portions of the same paragraph (subsections (k)-(l), (n), and (p)) "could theoretically be related [to] the alleged incident here." (Mot. at 4, 7.) Specifically, defendants seek to dismiss examples involving "shooting(s), deployment of weapon(s) like a taser, officers interacting with the mentally-ill, [and] the involvement of multiple officers" while leaving those "involving First Amendment-related arrests/use-of-force, officer allegedly going hands-on, alleged unlawful seizure, alleged failure to address handcuffing, and/or

3

an alleged incident involving McLaughlin." (Id. at 4.)

This request -- to dismiss specific subsections of a paragraph in a complaint, while not seeking to dismiss the entire claim -- does little to challenge the legal sufficiency of the claim as required under Rule 12(b)(6). See Ileto, 349 F.3d at 1199-20. Instead, defendants in effect ask the court to rewrite the complaint so as to include only examples of misconduct that "bear sufficient resemblance to the fact pattern at issue." (Mot. at 7.) The court refuses to stretch the purposes of Rule 12(b)(6) to encompass cosmetic alterations to the operative complaint. Accordingly, the court will deny defendants' motion to dismiss.[1]

As an alternative to dismissing Paragraph 29(a)-(j), (m), (o), (q)-(u), defendants argue the provisions should be stricken under Federal Rule of Civil Procedure 12(f). (Mot. at 6-7.) Rule 12(f) provides that the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010)

---

[1] Defendants also moved to dismiss claims against Bidou and McLaughlin in their official capacities. (Mot. at 10.) In their opposition, plaintiffs agree that they improperly listed defendants Bidou and McLaughlin in their official capacities and request leave to amend their complaint to list defendants Bidou and McLaughlin in their individual capacities alone. (Opp. to Mot. ("Opp.") at 15 (Docket No. 17).) In light of the parties' agreement, the court will permit plaintiffs to amend their complaint.

4

1 | (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantastic, Inc., 510 U.S. 517 (1994)). Whether to grant a motion to strike is within the court's discretion. Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000).

Motions to strike are generally disfavored because they are often used to delay resolving the case on the merits. See Barnes v. AT&T Pens. Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted). "Motions to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation or unless prejudice would result to the moving party from denial of the motion." Delgado v. Marketsource, Inc., No. 17-CV-07370-LHK, 2019 WL 1904216, at *3 (N.D. Cal. Apr. 29, 2019) (internal quotations and citations omitted). Although defendants argue that the examples they seek to strike in Paragraph 29(a)-(j), (m), (o), (q)-(u) are irrelevant because they involve "very different conduct" than the facts in this case, the motion does not suggest that defendants would be prejudiced if the motion were denied. (Mot. at 4.) Accordingly, the court will deny defendants' motion to strike.

IT IS THEREFORE ORDERED that defendants' motion to dismiss or strike portions of Paragraph 29 of the First Amended Complaint (Docket No. 14) be, and the same thereby is, DENIED. Within 10 days from the date this Order is filed plaintiff shall file an amended complaint striking all allegations against defendants Bidou and McLaughlin in their official capacity.
///

Dated: March 30, 2020

*William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE