**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTE D. POINTER, Esq. 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrisalaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff ADRIAN BURRELL

**JASON ROSS, Esq. SBN 282921**
KNOX & ROSS LAW GROUP
3661 Grand Avenue, Suite 205
Oakland, California 94610
Telephone: (510) 240-5278
jjmross@knoxrosslaw.com

Attorney for Plaintiff MICHAEL WALTON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BURRELL, an individual; and MICHAEL WALTON, an individual,<br><br>          Plaintiffs,<br><br>   vs.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his individual capacity as Chief of Police for the CITY OF VALLEJO; DAVID MCLAUGHLIN, in his individual capacity, as Police Officer for the CITY OF VALLEJO; and DOES 1-50, individually capacities as Police Officers for the CITY OF VALLEJO, jointly and severally,<br><br>          Defendants. | CASE NO.: 2:19-cv-01898-WBS-KJN<br><br>SECOND AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1. On January 22, 2019, at approximately 3:30 p.m., Mr. Adrian Burrell was in his home waiting for his cousin, Michael Walton, to arrive. Mr. Burrell looked out of his window and observed a police officer holding Mr. Walton at gunpoint. Mr. Walton was parked on his motorcycle in the driveway of Mr. Burrell's home.

2. Mr. Burrell stood on his front porch and exercised his First Amendment right to record and film the police. Vallejo Police Officer David McLaughlin demanded that Mr. Burrell go back into his house. Mr. Burrell declined to follow the officer's unlawful order and maintained his position on the porch, approximately 33 feet away from the officer. Officer McLaughlin turned his back on the man he was holding at gunpoint and proceeded to approach and physically attack Mr. Burrell, who was thrown into a wall and a swung into a wooden post, causing a concussion and other injuries. Mr. Burrell was taken into custody and placed in the back of a patrol car but was eventually released. Mr. Walton was handcuffed, placed in the backseat of the patrol car, but eventually cited and released for allegedly speeding. Officer McLaughlin did not write a police report documenting this incident but was ultimately disciplined as a result of an internal affairs investigation sparked by the release of the incident video online.

3. This action seeks to recover damages for the violation of Plaintiffs' rights under state and federal law.

## **JURISDICTION**

4. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

**PARTIES**

5. Plaintiff ADRIAN BURRELL is, and at all times herein mentioned was a resident of California and a natural person.

6. Plaintiff MICHAEL WALTON is, and at all times herein mentioned was a resident of California and a natural person.

7. Defendant CITY OF VALLEJO (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY OF VALLEJO operates the Vallejo Police Department ("VPD")

8. Defendant ANDREW BIDOU (hereinafter referred to as "CHIEF") is and at all times mentioned herein a natural person. He is being sued in his individual capacity as a Chief of Police for the CITY OF VALLEJO.

9. Defendant DAVID MCLAUGHLIN (hereinafter referred to as "MCLAUGHLIN") is and at all times mentioned herein a natural person. He is being sued in his individual capacity as a Police Officer for the CITY OF VALLEJO.

10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether

based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend their complaint subject to further discovery.

11. In engaging in the conduct alleged herein, defendant police Deputies acted under the color of law and in the course and scope of their employment with CITY OF VALLEJO. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CITY OF VALLEJO.

12. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs timely filed their claims more than 45 days prior to filing this Complaint.

## STATEMENT OF FACTS

13. On January 22, 2019, at approximately 3:00 p.m., Plaintiff, Adrian Burrell was inside of his home, on Bryon Street, in Vallejo, California. Mr. Burrell was awaiting the arrival of his cousin, Plaintiff Michael Walton.

14. Mr. Burrell's attention was directed to his front yard and he noticed Michael Walton parked in his driveway, on a motorcycle. Mr. Burrell noticed a police car behind Mr. Walton and walked out onto his porch to find out what was happening.

15. Upon exiting his home, Mr. Burrell observed a Vallejo Police Department patrol SUV parked in front of his home, on the wrong side of the street. Mr. Burrell saw a police officer (later identified as Defendant Vallejo Police Officer David McLaughlin) standing in the door jam of his patrol car, pointing a gun at Mr. Walton.

16.     Mr. Burrell observed Mr. Walton was still wearing his helmet and was overtly unaware that Officer McLauglin was pointing a gun at him. Mr. Burrell immediately called out to Officer McLaughlin to notify him that Mr. Walton likely could not hear him due to the helmet. Officer McLaughlin aggressively told Mr. Burrell to go back into his house. At this point Mr. Burrell was standing on his porch, a minimum of 40 feet away away from Officer McLaughlin who was standing in the gutter portion of the street in front of the house.

17. Mr. Burrell declined to go back into the house as he was lawfully located on his own porch and maintaining an objectively safe distance from the officer. Mr. Burrell began using his cellular phone to record what he perceived to be a potentially deadly situation.

18. Officer McLaughlin approached the back of the motorcyle and proceeded to hold Mr. Walton at gunpoint. Mr. Walton placed his hands in the air and feared for his life while being held at gunpoint for no good reason whatsoever. Officer McLaughlin again told Mr. Burrell to get back and he again declined. At this time Mr. Burrell was located on his raised porch, approximately 33 feet away from Officer McLaughlin. Officer McLaughlin again told Mr. Burrell to 'get back' although Mr. Burrell at no point had left his porch.

19. Officer McLaughlin proceeded to tell Mr. Burrell that he was going to handcuff and place Mr. Burrell in his patrol car. Then, Officer McLaughlin inexplicably turned away from Mr. Walton, whom he had been holding at gunpoint, holstered his gun and rushed towards the porch where Mr. Burrell was still standing, leaving Mr. Walton unattended.

20. Officer McLaughlin accused Mr. Burrell of interfering and grabbed at Mr. Burrell. Officer McLaughlin physcially acosted Mr. Burrell about his arms and violently threw him into the outside wall of the house, then swung him around and hit his head against the wooden pillar on the porch.

21.     Mr. Burrell and Mr. Walton were both placed into the back of the patrol car. Mr. Burrell notified Officer McLaughlin that he had a military service related injury and asked to have his handcuffs placed in the front of his body. Officer McLaughlin declined to move the handcuffs. However, shortly after being notified of Mr. Burrell's military status, Officer McLaughlin's tone changed and he released Mr. Burrell and thanked him for his service.

22. A short time later, Officer McLaughlin cited Mr. Walton for allegedly speeding and released him as well.

23. Mr. Burrell went to the emergency room for treatment for injuries to his head, arms and shoulder and was diagnosed with a concussion and other injuries.

24. On June 6, 2019, Mr. Burrell met with Defendant Vallejo Chief of Police Andrew Bidou. In that meeting, Chief Bidou denied that Defendant McLaughlin was a danger to the citizens of Vallejo, despite multiple lawsuits alleging excessive force and at least two unproked attacks on citizens which were captured on video.

25. Plaintiffs are informed and believe and thereon allege that CITY OF VALLEJO, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to terminate Defendant McLaughlin and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein, namely an unprovoked, violent attack on a law-abiding taxpayer. Their failure to terminate Defendant McLaughlin, after his documented history of unprovoked violence and failure to follow policy and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and the fabrication of official reports to cover up the Defendant McLaughlin and DOES 1-25's inclusive, misconduct.

26. Plaintiffs are informed, believe and theron allege that CHIEF BIDOU possessed knowledge

of prior incidents of unjustified violence involving Defendant Officer McLaughlin, wherein the CHIEF failed to discipline Defendant Officer McLaughlin. Several months prior to the subject incident, in August 2018, Defendant McLaughlin abused his police powers while in the City of Walnut Creek, by unlawfully holding a man named Santiago Hutchins at gunpoint and subsequently using unlawful force against his victim. The incident with Mr. Hutchins was also captured on cellphone video. CHIEF BIDOU was personally aware of the August incident and failed to discipline and/or terminate Defendant McLaughlin for the safety of the community. Defendant McLaughlin was never disciplined for unlawfully injuring Mr. Hutchins. Plaintiffs injuries are a direct result of CHIEF BIDOU's failure to discipline and/or terminate Defendant McLaughlin for prior criminal activity.

27. Plaintiff is informed, believes and thereon alleges that members of the CITY OF VALLEJO Police Department, including, but not limited to Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Plaintiff.

28. Plaintiff is further informed, believes and therein alleges that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of VALLEJO, the CITY has allowed persons to be abused by its Police Officer including Defendants and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

29. Plaintiff is informed, believes and therein alleges that City of Vallejo Police Department exhibits a pattern and practice of using excessive force and misconduct against citizens and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. Vallejo Police Department failure to discipline or retrain Defendant Officers is evidence of an official policy, entrenched culture and posture of

deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the Vallejo Police Department's failure to properly supervise its Officers and ratify their unconstitutional conduct. Plaintiff is informed, believe and therin allege that the following instances are examples of the City of Vallejo's pattern and practice of condoning misconduct by failure to discipline:

(a) In May 2012, Mr. Anton Barrett, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of shooting an unarmed man. The City of Vallejo settled this case. (See 2:13-cv-00846)

(b) In 2012, Mr. Mario Romero, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident. The City of Vallejo settled this case.

(c) In 2012, Mr. Jeremiah Moore, an unarmed man, was shot and killed by Vallejo Police Officer Sean Kenney. Officer Kenney was never disciplined or retrained as a result of this incident. After having killed three men in five months, Officer Sean Kenney left the department voluntarily, but was then inexplicably rehired as a Homicide Detective, despite public outcry.

(d) In August 2012, minor Jared Huey was shot and killed by Vallejo Police Department, after a pursuit. Mr. Huey was shot while unarmed with his hands up. Upon information and belief, none of the defendants involved in this case were disciplined or retrained. This case settled. (See 2:13-cv-00916)

(e) In August 2015, Mr. Jimmy Brooks was having a mental health crisis when Vallejo Police Department Officers Spencer Munoz-Bottomly, Matthew Samida,

Zach Jacobsen, James Duncan, Officer Hicks, Jesse Irwin and Ted Postolaki

responded. Instead of providing mental health services, officers ended up breaking

Mr. Brooks' ankle and fibula. No officers were disciplined or retrained as a result

of this incident. This case settled. (See 2:16-cv-02376).

(f)  In January 2015, Mr. Jon Connelly was violently attacked by Vallejo Police

Officer Bradley Phillips. During the incident, Officer Phillips threw Mr. Connelly

to the ground and smashed his hand/wrist into the concrete with his boot, causing

broken bones. In addition, Mr. Connelly suffered a torn rotator cuff and other

injuries. Federal litigation ensued. On information and belief, Plaintiff alleges that

prior to the federal trial commencing in this matter, Vallejo Police Officers

threatened one of Mr. Connelly's trial witnesses, which resulted in a defense

verdict due to Mr. Connelly's witness being too intimidated to come to court. Mr.

Connelly has experienced a pattern of harassment ever since speaking out about

this incident. The involved officers were never discplined or retrained for the

underlying incident nor the witness tampering. (See 2:16-cv-1604)

(g)  In June 2015, Jason Anderson was pulled over by Vallejo Police Officers

Herndon, Melville, and Coelho. Officers inexplicably tased Mr. Anderson several

times and punched him multiple times. During the incident, Officers were caught

on audio concocting a story to conceal their violations. No officers were

disciplined or retrained as a result of this incident. Litigation is ongoing. (See 2:17-

cv-00137)

(h)  In December 2015, Mr. Joseph Ledesma was brutally attacked by Vallejo Police

Officers Robert Demarco and Amanda Blain on his own front lawn, without

provocation. Mr. Ledemsa suffered multiple fractures in both arms due to dozens of Officer Demarco's vicious metal baton strikes. Officer Blain tased Mr. Ledesma multiple times and threatened to do the same to his wife. Mr. Ledesma was struck so many times the metal baton bent and had to be disgarded. In his official police report, Officer Demarco claimed to strike Mr. Ledesma only ONE TIME, despite the photographic evidence of numerous baton strikes on Mr. Ledesma's arms. The officers did not use their body worn cameras until after they ceased using force. No one was disciplined or retrained as a result of this incident. During federal litigation related to this matter, Defendant Demarco provided a patently different statement under oath than the one he provided in his police report. He later recanted his new statement and adopted the statements made in his police report. Federal Judge Morrison England issued an Order confirming the City's supervisory failure and failure to discipline the involved officers' overt policy violations. This case settled in August 2019. (See 2:17-cv-0010)

(i) In April 2016, Mr. Derrick Shields was attacked by multiple Vallejo Police Officers while lying face down on the ground. Officers kicked, punched, and struck him with a baton and flashlight. Mr. Shields was knocked unconscious and suffered a broken jaw and broken teeth as a result of this incident. Upon information and belief, none of the officers involved in this incident were retrained or disciplined. (See 2:16-cv-02399)

(j) On January 23, 2017, Decedent Angel Ramos was shot to death by Vallejo Police Officer Zachary Jacobsen. The City of Vallejo Police Department issued a press release in response to this incident wherein they claimed Angel Ramos was shot

because he was in the midst of trying to stab a child. This public release of knowingly inaccurate information was calculated to mislead the public and villify the decedent, in order to dissuade public outcry and conceal unlawful practices. Witness testimony and physical evidence belies the department's public claims and shows that Angel Ramos was shot while unarmed and engaged in a fist fight. Officer Jacobsen shot Angel Ramos from a place of obvious tactical disadvantage and did not activate his lapel camera, in violation of training and department policy. Officer Jacobsen was not disciplined or retrained as a result of this incident. This case is ongoing. (See 2:17-cv-01619)

(k) In Feburary 2017, Mr. Michael Kennedy was lawfully videotaping an incident involving Vallejo Police Officers. The Officers demanded that Mr. Kennedy stop videotaping and arrested him in violation of his First Amendment rights. Upon information and belief, officers were not disciplined or retrained as a result of this incident. A claim has been filed and litigation is currently stayed.

(l) In March 2017, Mr. Nickolas Pitts was taking out his garbage when he was accosted by Vallejo Police Officers DAVID McLaughlin and Officer Kimodo. Mr. Pitts was commiting no crime or infraction. Mr. Pitts was violently thrown into a light pole and had his dreadlocks ripped from his head. Officers falsely claimed to onlookers that Mr. Pitts was on parole, despite Mr. Pitts having no criminal record whatsoever. Mr. Pitts was falsely arrested for resisting arrest. Officers did not activate their body worn cameras until after handcuffing Mr. Pitts. All charges were dismissed against Mr. Pitts. No officers were disciplined or retrained as a result of this incident. This case settled in 2018. (See 2:17-cv-00988)

(m) In March 2017, Mr. Dejuan Hall was viciously beaten by Vallejo Police Officers while suffering a known mental health episode. Instead of providing assistance, Vallejo PD Officer Spence Munoz-Bottomly punched Mr. Hall in the face multiple times and beat him with a flashlight. This incident was captured on video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. The City of Vallejo settled this case in June 2019.

(n) In July 2017, Mr. Carl Edwards was attacked by Vallejo Police Officers Spencer Muniz-Bottomley, Mark Thompson, Bretton Wagoner and Sgt. Steve Darden while fixing a fence. During this vicious beating, Mr. Edwards suffered head trauma, a broken nose, a black eye, cuts to his face, arms, back, hands, head, and he required stitches over his right brow. This incident was captured on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. It should be noted that Sgt. Steve Darden has a number of unwarranted violent incidents with the public captured on video, including an incident where he attacked a crime victim. Nevertheless, he remains part of the commmand staff. Litigation in this case is ongoing.

(o) On February 13, 2018, Decedent Ronell Foster was shot to death by Defendant DAVID McMahon, after being stopped for not having a headlight on his bicycle. The City of Vallejo Police Department issued a press release in response to this incident wherein they claimed Mr. Foster raised a flashlight in his hand in a menacing fashion, prompting Officer McMahon to fear for his life and open fire. This public release of knowingly inaccurate information was calculated to mislead the public and villify the decedent, in order to dissuade public outcry and conceal

unlawful practices. Video evidence of the incident belies the department's public claims and shows Mr. Foster being shot in the back while attempting to flee from Officer McMahon, who had struck Mr. Foster in the head with a flashlight. Officer McMahon did not activate his body worn camera until after Mr. Foster was shot and killed. Officer McMahon was never disciplined or retrained after shooting an unarmed man in the back. This case is currently being litigated. (See 18-cv-00673 JAM-CKD);

(p) In April 2018, Ms. Sherry Graff was at her home when Vallejo Police Officer Murphy arrived in response to a welfare check. Officer Murphy lured Ms. Graff out of her house for the purpose of arresting her. In the course of bringing her into custody, Officer Murphy threw her down the stairs and abused her so violently that he left fingerprint bruises on her breasts. Ms. Graff required mutiple staples to repair the lacerations to her head. This incident was captured on lapel camera video. No one was disciplined or retrained as a result of this incident. This case is currently being litigated. (See 2:18-cv-02848-KJM-CKD);

(q) In August 2018, Angel Bagos was attacked by Vallejo Police Department in front of a restaurant. Without cause, Mr. Bagos was knocked down, hog tied and severely beaten with a flashlight. Mr. Bagos was arrested but all charges were dropped. This incident was caputed on video. Upon information and belief, none of the officers involved in this incident were disciplined or retrained. A claim has been filed in this matter and litigtion is forthcoming.

(r) In October 2018, Delon Thurston was racially profiled and stopped by Vallejo Police Officer Kevin Barreto, without cause. The officers claimed Ms. Thurston

had stolen her own car; which had not been reported stolen. The officers dragged Ms. Thurston out of her car which was parked in her own driveway and arrested. While being searched subject to arrest, the officer penetrated Ms. Thurston's vagina through her clothing. Ms. Thurston was arrested and taken to jail. The District Attorney did not charge Ms. Thurston with a crime. Ms. Thurston had never been arrested prior to this incident. No one was disciplined or retrained as a result of this incident. A claim was filed with the City of Vallejo and litigation is forthcoming;

(s) In March 2019, Carlos Yescas was stopped by a Vallejo Police Department Lieutenant Nichelini for a minor traffic offense. The Lieutenant was in plain clothes and driving an unmarked car not suitable for transport. Lt. Nichelini failed to identify himself as a police officer and falsely accused Mr. Yescas of resisiting, because he was still wearing his seatbelt. Lt. Nichelini tried to drag Mr. Yescas out of the car although the young man was still wearing his seatbelt. The Lieutenant threw Mr. Yescas on the ground and then kneeled on his back prompting Mr. Yescas to plead with the Lieutenant that he was unable to breath. Mr. Yescas was arrested. This incident was captured on video by Mr. Yescas' 10-year-old brother. Upon information and belief, Lt. Nicholini was not disciplined or retrained as a result of this incident. A claim for this incident has been filed.

(t) On April 15, 2019, Deyana Jenkins and several young women were stopped by multiple Vallejo Police Officers without cause. Ms. Jenkins is the niece of Decedent Willie McCoy. The young women were held at gunpoint without cause. Ms. Jenkins was compliant; nevertheless, a yet-to-identified Officer dragged her

out of the car, threw her on the ground and tased her. Ms. Jenkins was arrested and taken to jail. The District Attorney refused to charge Ms. Jenkins with any crime related to this unlawful incident. Prior to this incident, Ms. Jenkins had never been arrested in her entire life. The incident was captured on bystander cellphone video. Upon information and belief, no officers were disciplined or retrained as a result of this incident. A claim has been filed and litigation is forthcoming.

(u) On June 25, 2019, Vallejo City Manager Greg Nyhoff spoke at a regularly scheduled City Council meeting. Shockingly, Mr. Nyhoff publicly ratified the department's infamous history of violence and contravened the countless civil claims, civil complaints, videos, photos and testimonials from the community reporting unwarranted violence, abuse, false arrest, racial profiling and intimidation by denying that there is an excessive force problem with Vallejo Police Officers. The City Manager stated that in his "opinion, those just don't seem like there's excessive use of force or a lot of use of force in our community," Nyhoff said. "There are people who resist," Nyhoff said. "There are people with mental illness who you just have to use force, sometimes for their own health or well being." Mr. Nyhoff's statements clearly seek to publicly ratify, encourage and condone the Vallejo Police Department's well documented pattern and practice of gratuitous violence and unconstitutional policing. Mr. Nyhoff's statements regarding force being used on mentally ill individuals is in contrast to P.O.S.T. training, Vallejo Police Department policy, state and federal law and seeks to excuse unlawful behavior.

30. Plaintiff is informed, believes and therein alleges that CITY OF VALLEJO knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

31. Plaintiff is ignorant of the true names and capacities of Defendant Officers DOES 1 Through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

32. Plaintiffs were physically and emotionally injured and damaged as a proximate result of this egregious and unwarranted beating, including but not limited to: Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment; and violations of California statutory and common law.

33. Plaintiffs found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (Plaintiffs Against MCLAUGHLIN and DOES 1-25 inclusive)

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 of this

complaint. Defendants' above-described conduct violated Plaintiffs' rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of force against him.

35. Plaintiff Burrell was forced to endure conscious pain and suffering because of Defendant McLaughlin's unconstitutional conduct;

36. Defendant acted under color of law by seizing Mr. Walton, at gunpoint, without lawful justification thereby depriving him of his right to be free from unreasonable searches and seizures; and by seizing and physically attacking Mr. Burrell without lawful justification thereby subjecting Plaintiff to excessive force and depriving him of his right to be free from unreasonable searches and seizures. The rights violated by Defendant McLaughlin include, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**Violation of First Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(Plaintiff Burrell Against MCLAUGHLIN and DOES 1-25 inclusive)**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this complaint. Defendants' above-described conduct violated Plaintiff's rights, as provided for under the First Amendment to the United States Constitution, to be free to film and record the police.

38. Plaintiff Burrell was violently attacked, handcuffed and physically prohibited from exercising his First Amendment rights to film and record Defendant McLaughlin.

39. Prior to being approached and physically attacked, Plaintiff Burrell maintained an

objectively safe distance from Defendant McLaughlin at all times.

40. Defendant acted under color of law by physically attacking Mr. Burrell and interfering with his First Amendment right to film and record the police, without lawful justification thereby depriving Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to film and record the police.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**

**(Monell – 42 U.S.C. section 1983)**

**(Plaintiffs Against CITY, CHIEF and DOES 26-50)**

41. Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. Plaintiffs are informed and believes and thereon alleges that high-ranking CITY OF VALLEJO officials, including high-ranking police supervisor CHIEF Andrew Bidou and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by Vallejo Police Department.

43. Despite having such notice, Plaintiffs are informed and believes and thereon Alleges that CITY OF VALLEJO & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by Vallejo Police Department employees by failure to discipline and retrain officers who acted unlawfully and outside of department policy, which brought about Defendant McLaughlin and DOES 1-25 unlawful attack on Plaintiffs.

44. Plaintiffs are further informed and believes and thereon alleges that as a result

of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers and DOES 1-25 and/or each of them, ratified and encouraged these Officers to continue their course of misconduct.

45. Plaintiffs further allege that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of Vallejo Police Officers, including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

46. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF VALLEJO officials, including high ranking Vallejo Police Department supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to be free from excessive force by Officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Negligence)
### (Plaintiffs Against MCLAUGHLIN and DOES 1-25 inclusive)

47. Plaintiffs re-alleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48. Defendant McLaughlin and DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Plaintiffs, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to use proper tactics and/or employ reasonable police procedures and/or use appropriate force.

49. As an actual and proximate result of said defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Violation of Right To Enjoy Civil Rights)
### (Violation of CALIFORNIA CIVIL CODE §52.1)
(Plaintiffs Against Defendant McLaughlin and DOES 1-25)

50. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 49 of this Complaint.

51. Defendant DOES' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Battery)
### (Plaintiff Burrell Against McLaughlin and DOES 1-25 inclusive)

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 of this complaint.

53. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Assault)

### (Plaintiffs Against McLaughlin and DOES 1-25 inclusive)

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 of this complaint.

55. Defendants' above-described conduct constituted an assault.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Plaintiffs Against McLaughlin and DOES 1-25 inclusive)

56. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 55 of this Complaint.

57. Defendants' above-described conduct was extreme, unreasonable and outrageous.

58. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result of being attacked, terrorized, assaulted and battered.

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

## JURY DEMAND

59. Plaintiffs hereby demand a jury trial.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For injunctive relief, up to and including assigning a federal monitor to supervise the CITY OF VALLEJO;

2. For general damages in a sum to be determined at trial;

3. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants McLaughlin; Bidou, and DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

7. For cost of suit herein incurred.


**Dated:  April 8, 2020**            **THE LAW OFFICES OF JOHN L. BURRIS**


                        */s/ Melissa C. Nold*
                        **JOHN L. BURRIS**
                        **ADANTE D. POINTER**
                        **MELISSA C. NOLD**
                        **Attorneys for Plaintiffs**