DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
CITY OF VALLEJO, ANDREW BIDOU, and DAVID MCLAUGHLIN

**JOHN L. BURRIS, Esq. SNB 69888**
**ADANTE D. POINTER, Esq. SBN 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff ADRIAN BURRELL

**JASON ROSS, Esq. SBN 282921**
KNOX & ROSS LAW GROUP
3361 Grand Avenue, Suite 205
Oakland, California 94610
Telephone: (510) 240-5278
jjmross@knoxrosslaw.com

Attorney for Plaintiff MICHAEL WALTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BURRELL, an individual; and MICHAEL WALTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; ANDREW BIDOU, in his individual capacity as Chief of Police; DAVID MCLAUGHLIN, individually and in his official capacity as Police | Case No. 2:19-cv-01898-WBS-KJN<br><br>**JOINT STATUS REPORT**<br><br>Hon. William B. Shubb |

378264.1346336.1

Officer for the CITY OF VALLEJO; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF VALLEJO, joint and severally,

                Defendants.

Pursuant to the Court's September 19, 2019, "Order Re: Status (Pretrial Scheduling Conference)" (Document No. 3), the Parties, Plaintiffs, ADRIAN BURRELL and MICHAEL WALTON (Hereinafter "Plaintiffs"), Defendants, CITY OF VALLEJO ("City"), ANDREW BIDOU, and DAVID MCLAUGHLIN (Collectively "Defendants") submit this Joint Status Report:

1. **Brief Summary of the Claims**

    a. **Plaintiff Summary**

On January 22, 2019, at approximately 3:00 p.m., Plaintiff, Adrian Burrell was inside of his home, on Bryon Street, in Vallejo, California. Mr. Burrell was awaiting the arrival of his cousin, Plaintiff Michael Walton. Mr. Burrell's attention was directed to his front yard and he noticed Michael Walton parked in his driveway, on a motorcycle. Mr. Burrell noticed a police car behind Mr. Walton and walked out onto his porch to find out what was happening.

Upon exiting his home, Mr. Burrell observed a Vallejo Police Department patrol SUV parked in front of his home, on the wrong side of the street. Mr. Burrell saw a police officer (later identified as Defendant Vallejo Police Officer David McLaughlin) standing in the door jam of his patrol car, pointing a gun at Mr. Walton.

Mr. Burrell observed Mr. Walton was still wearing his helmet and was overtly unaware that Officer McLauglin was pointing a gun at him. Mr. Burrell immediately called out to Officer McLaughlin to notify him that Mr. Walton likely could not hear him due to the helmet. Officer McLaughlin aggressively told Mr. Burrell to go back into his house. At this point Mr. Burrell was standing on his porch, a minimum of 40 feet away away from Officer McLaughlin who was standing in the gutter portion of the street in front of the house.

378264.1346336.1

Mr. Burrell declined to go back into the house as he was lawfully located on his own porch and maintaining an objectively safe distance from the officer. Mr. Burrell began using his cellular phone to record what he perceived to be a potentially deadly situation.

Officer McLaughlin approached the back of the motorcyle and proceeded to hold Mr. Walton at gunpoint. Mr. Walton placed his hands in the air and feared for his life while being held at gunpoint for no good reason whatsoever. Officer McLaughlin again told Mr. Burrell to get back and he again declined. At this time Mr. Burrell was located on his raised porch, approximately 33 feet away from Officer McLaughlin. Officer McLaughlin again told Mr. Burrell to 'get back' although Mr. Burrell at no point had left his porch.

Officer McLaughlin proceeded to tell Mr. Burrell that he was going to handcuff and place Mr. Burrell in his patrol car. Then, Officer McLaughlin inexplicably turned away from Mr. Walton, whom he had been holding at gunpoint, holstered his gun and rushed towards the porch where Mr. Burrell was still standing, leaving Mr. Walton unattended.

Officer McLaughlin accused Mr. Burrell of interfering and grabbed at Mr. Burrell. Officer McLaughlin physcially acosted Mr. Burrell about his arms and violently threw him into the outside wall of the house, then swung him around and hit his head against the wooden pillar on the porch.

Mr. Burrell and Mr. Walton were both placed into the back of the patrol car. Mr. Burrell notified Officer McLaughlin that he had a military service related injury and asked to have his handcuffs placed in the front of his body. Officer McLaughlin declined to move the handcuffs. However, shortly after being notified of Mr. Burrell's military status, Officer McLaughlin's tone changed and he released Mr. Burrell and thanked him for his service.

A short time later, Officer McLaughlin cited Mr. Walton for allegedly speeding and released him as well.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

Mr. Burrell went to the emergency room for treatment for injuries to his head, arms and shoulder and was diagnosed with a concussion and other injuries.

On June 6, 2019, Mr. Burrell met with Defendant Vallejo Chief of Police Andrew Bidou. in that meeting, Chief Bidou denied that Defendant McLaughlin was a danger to the citizens of Vallejo, despite multiple lawsuits alleging excessive force and at least two unproked attacks on citizens which were captured on video.

b. **Defendants Summary**

On January 22, 2019, at approximately 3:00 pm, Vallejo Police Officer David McLaughlin (McLaughlin) observed Plaintiff Michael Walton (Walton) driving a motorcycle through a residential neighborhood going 60-70 mph. McLaughlin, alone and without a cover officer, stopped Walton in a driveway of 132 Byron Street and activated his body worn camera. He noticed the motorcycle did not have license plates.

Plaintiff Adrian Burrell ("Burrell") stood on the front porch of 132 Byron Street and used his cell phone to record the interaction. McLaughlin told Burrell to "step back in the house and film." Burrell continued to film the incident from the front porch. As McLaughlin approached Walton, he repeatedly asked Burrell to move away. Burrell refused so McLaughlin detained him in handcuffs for interfering with his attempt to arrest of Walton. Once Burrell was secured inside the police SUV, McLaughlin returned to Walton and arrested him.

After approximately 20 minutes, Burrell was released without charges and Walton received a citation. McLaughlin's body worn camera remained activated throughout the incident.

**2. <u>Status of Service Upon All Defendants and Cross Defendants</u>**

All named defendants have been served and there are no anticipated cross defendants.

**3. <u>Possible Joinder of Additional Parties</u>**

The parties do not anticipate joinder of additional parties.

**4. <u>Contemplated Amendment to the Pleadings</u>**

The parties do not anticipate the need for an amendment to the pleadings at this time.

5. **Statutory Basis of Jurisdiction and Venue**

The Court has subject matter jurisdiction based on Title 28, United States Code, sections 1331 and 1343. Venue is proper, as the actions giving rise to the complaint occurred with the City of Vallejo, California.

6. **Protective Order**

The parties anticipate the need for a Protective Order relating to the production of information that raise confidentiality or privacy concerns. The parties contemplate submitting a joint proposed Protective Order.

7. **Complete and Detailed Discovery Plan Agreed to By All Counsel**

The parties do not anticipate changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties do not need to take discovery outside of the United States.

The parties propose the following dates with respect to discovery and trial:

| Activity | Proposed Dates |
| --- | --- |
| Deadline to Add Parties or Amend the Pleadings per FRCP 16(b)(3)(A) | May 26, 2020 |
| Initial Disclosures | July 1, 2020 |
| Fact Discovery Deadline | June 1, 2021 |
| Expert Discovery Deadline | July 6, 2021 |
| Expert Rebuttal Discovery Deadline | August 3, 2021 |
| Dispositive Motion Deadline | September 14, 2021 |
| Pre-Trial Conference | October 11, 2021 |
| Trial | November 8, 2021 |

Pursuant to the Court's request, the parties are satisfied to have the Court issue a Status (Pretrial Scheduling) Order based on the joint status report, as opposing to an appearance.

///

**8. Proposed Modifications of Standard Pretrial Proceedings**

The parties do not anticipate any modifications of the standard pretrial proceedings.

**9. Settlement Statement and Conference**

The parties will discuss the possibility of early settlement.

The parties agree that a Court-convened settlement conference would be appropriately scheduled after discovery. The parties will be evaluating whether to utilize a magistrate judge or private mediator.

**10. Jury or Non-Jury Trial**

All parties request a jury trial.

**11. Estimated Length of Trial**

The parties anticipate a 7-10 day trial, as a result of their *Monell* litigation. This estimate is subject to change, depending on information obtained in discovery.

**12. Bifurcation or Phasing of Trial**

Defendants request bifurcation of punitive damages from the remainder of the case. Plaintiff opposes bifurcation of punitive damages.

**13. Consent to Magistrate**

The parties do not consent to trial before the Magistrate Judge and magistrate jurisdiction for all purposes.

**14. Statement of Related Cases**

The parties are unaware of any related matters pending in this Court or any other court, including bankruptcy court.

**15. Statement by Any Nongovernmental Corporate Parties**

This section does not apply to defendants because defendants are not a nongovernmental corporation.

///

///

///

378264.1346336.1

Respectfully submitted,

Dated: May 12, 2020                ALLEN, GLAESSNER,
                                   HAZELWOOD & WERTH, LLP


By: _/s/ John B. Robinson_____
    DALE L. ALLEN, JR.
    Attorneys for Defendants
    CITY OF VALLEJO, ANDREW BIDOU, and
    DAVID MCLAUGHLIN


Dated: May 12, 2020                THE LAW OFFICES OF JOHN L. BURRIS


By: _/s/ Melissa C. Nold_____
    JOHN L. BURRIS
    ADANTE D. POINTER
    MELISSA C. NOLD
    Attorneys for Plaintiff ADRIAN BURRELL


Dated: May 12, 2020                KNOX & ROSS LAW GROUP


By: _/s/ Jason Ross_____
    JASON ROSS
    Attorney for Plaintiff MICHAEL WALTON

378264.1346336.1