**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140
Oakland, California 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

Attorneys for Plaintiff ADRIAN BURRELL

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BURRELL, et al. | CASE NO.: 2:19-cv-01898-WBS-KJN |
| Plaintiffs, | |
| v. | **PLAINTIFF BURRELL'S NOTICE OF AND MOTION FOR LEAVE TO AMEND CASE SCHEDULE TO FILE HIS FOURTH AMENDED COMPLAINT AND RESET THE CASE SCHEDULE** |
| CITY OF VALLEJO, et al. | |
| Defendants | HON. WILLIAM B. SHUBB |
| | Date: May 10, 2021 |
| | Time: 1:30 p.m. |
| | Ctrm: Zoom |

**PLEASE TAKE NOTICE** that on May 10, 2021 at 1:30 p.m., or as soon as this matter may be heard in front of the Honorable Judge William Shubb, in the United State District Court, Eastern District, Robert T. Matsui United States Courthouse 501 I Street Sacramento, CA  95814 Courtroom 5, 14th floor, Plaintiff Adrian Burrell moves for leave to file his Fourth Amended Complaint and reset the case schedule.

# I. FACTUAL & PROCEDURAL HISTORY

On September 18, 2019, Plaintiffs filed their Complaint. (Doc. 1). On September 19, 2019, prior to service, Plaintiffs amended their Complaint and served it on Defendants. (Doc. 5). On February 21, 2020 Defendants filed a motion to dismiss pursuant to Rule 12 (b)(6). (Doc. 14).

On March 23, 2020, the spread of the COVID-19 virus has caused the State of California Governor and the Counties of Alameda and San Francisco to issue a shelter-in-place order that severely limited business and strictly limited contact with other people. The order greatly impacted Plaintiffs' counsels' offices.

On March 31, 2020, the Court denied in part and granted in part Defendants' motion and ordered Plaintiffs to file a Second Amended Complaint. (Doc. 19). On April 8, 2020, Plaintiffs filed their Second Amended Complaint. (Doc. 20) On May 12, 2020, Defendants answered. (Doc. 22).

On May 22, 2020, the Court set and filed the Rule 16 Scheduling Order but did not set a deadline to amend the pleadings. (Doc. 24).

In mid-May 2020, Plaintiff Burrell served his first set of discovery requests and initial disclosures.

On June 11, 2020, Plaintiffs' counsel started their own firm and began transferring case files from their prior firm to their new firms. (Doc. 25-26; 30).

On August 26, 2020, Defendants produced their first set of disclosures and responsive documents, after Plaintiffs granted Defendants' request for an extension to produce its responses.

On December 24, 2020, ex-Vallejo Police Captain John Whitney filed a "whistleblower" lawsuit and provided a television interview to ABC news that alleged he had been fired for opening an internal affairs investigations into ex-Vallejo Police Officer Ryan McMahon for etching a

vigilante motto onto the back of the gun he used to kill Willie McCoy and had bent the tip of his badge to celebrate killing Ronell Foster in 2018 and Willie McCoy in 2019.[1]

On January 7, 2021, Defendants served complete disclosures after meeting and conferring regards Defendants' responses to Plaintiff's Rule 34 Requests, Set One (1). (Buelna Decl.)

On January 12, 2021, Plaintiffs' counsel received a copy of Capt. Whitney's lawsuit. (Buelna Decl.). Furthermore, Plaintiffs learned from ex-Capt. Whitney's lawsuit that he had been fired for exposing the "Badge of Honor" vigilante gang within the Vallejo Police Department. (Id.) The "Badge of Honor" group was a gang within the VPD that only admitted officers through a murder ritual of shooting a citizen and bending the tip of their badge. (Id.) When Capt. Whitney confronted Defendant McMahon about two bends in his badges, he admitted that it was to commemorate the killing of Ronell Foster and Willie McCoy. (Id.) Capt. Whitney ordered all supervisors to collect bent badges from their subordinates and more than ten badges were collected. (Id.) However, ex-Chief Bidou ordered for the badges to be repaired personally by the officers so that there was no paper trail, over the protests of Capt. Whitney who believed this to be destruction of evidence. (Id.) Soon after, Chief Bidou opened baseless investigations into Capt. Whitney and thereafter terminated him. (Id.)

Upon information and belief, Plaintiff believes Defendant McLaughlin was a member of the "Badge of Honor" gang and had bent his badge to commemorate killing a citizen prior to the subject incident. (Buelna Decl.)

On January 21, 2021, Plaintiff Burrell sent Defendants an email requesting availability for depositions so that Plaintiff could depose a number of Vallejo employees and ex-employees related to their *Monell* claim, due to the information Plaintiff learned from ex-Capt. Whitney's lawsuit. (Buelna Decl.).

---

[1] "I-TEAM EXCLUSIVE: Former Vallejo PD captain speaks out, claims he was fired for whistleblowing" https://abc7news.com/vallejo-police-department-john-whitney-pd-badge-bending-whistleblower/9038302/

On January 22, 2021, Plaintiff Burrell served requests for inspection, production of documents and special interrogatories related to Plaintiff's *Monell* claim. (Buelna Decl.).

On January 25, 2021, Plaintiff Burrell filed a motion for leave to file a Third Amended Complaint to clarify an alternate basis for relief on his First Amendment claim. (Doc. 34) On February 23, 2021, Defendants filed a non-opposition. (Doc. 37). On March 3, Plaintiff Burrell filed his Third Amended Complaint. (Doc. 40). On March 17, 2021, Defendants answered. (Doc. 43).

On January 25, 2021, Defendants disputed the scope of Plaintiff's *Monell* discovery requests and the parties jointly requested an informal discovery dispute hearing. (Buelna Decl.). The parties exchanged a joint letter and the hearing was scheduled to be heard on February 16, 2021, to determine if Plaintiff could inspect the badges of Vallejo officers that had discharged their firearm and take the deposition of Vallejo City Manager Greg Nyhoff, who was present during key meetings related to the badge bending. The hearing was scheduled to take place on February 16, 2021. ((Buelna Decl.; Doc. 35).

On February 11, 2021, Plaintiff conversed with Defendants and informed them that they would be withdrawing their discovery requests and *Monell*-related depositions which Plaintiff believed were premature for judicial intervention and required additional fact gathering. (Buelna Decl.). The parties informed the Court they were withdrawing their dispute and the Court took the discovery hearing off calendar. (Doc. 36).

On March 1, 2021, Plaintiff emailed Defendants seeking a 120-day extension of discovery, due to the newly uncovered information. Plaintiff notified Defendants that he would move the Court for relief. (Buelna Decl.)

On March 2, 2021, Defendants responded that they would only agree to a 60-day extension. (Buelna Decl.)

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

3

On March 3, 2021, Plaintiff filed his Third Amended Complaint adding clarifying language regarding Plaintiff's First Amendment claim and the parties' stipulated to a 60-day extension of the discovery dates. (Doc. 39-40)

On March 24, 2021, after gathering additional new information, Plaintiff served Defendants with requests for production of documents, admissions and special interrogatories related to his *Monell* claim, alleging department's culture of excessive force, a vigilante police gang developing within the department and that it proximately caused the violation of Plaintiff's constitutional violation. (Buelna Decl.)

On March 25, 2021, Defendants' counsel requested a 60-day extension to respond to the discovery requests, because Defendants' counsel had a trial scheduled and two dispositive motions due in other cases. (Bulena Decl.). On the same day, Plaintiff explained he would be agreeable, but the extension would not leave Plaintiff anytime to follow up on Defendants' responses – the responses would be due just a few days before expert reports would be due. Plaintiff again requested Defendant stipulate to adjusting the case schedule to extend fact discovery, making expert disclosure reports due in January 2022. (Buelna Decl.)

On March 26, 2021, the parties had a telephonic meet and confer in which Plaintiff explained that he intended to move for relief from the Court to file a Fourth Amended Complaint to detail Plaintiff's *Monell* claim and reset the case schedule to have expert disclosures due in January 2022. (Buelna Decl.) Plaintiff explained there was good cause for an amendment because Plaintiff only learned of the relevant *Monell* evidence on January 12, 2021 and in order to prosecute the claim requires several depositions and discovery. Furthermore, the COVID-19 virus greatly impacted both parties ability to conduct relevant discovery in this case. (Buelna Decl.)

Also, Defendants still intend to dispute the scope of Plaintiff's *Monell* claim and the parties anticipate having to file an informal discovery dispute on the matter in May, 2021 – weeks before the expert disclosure reports are due. Defendants would not stipulate. (Buelna Decl.)

Plaintiff has attached to this motion a Proposed Order, a Proposed Fourth Amended Complaint (Ex 1. – Redline Version; Ex. 2 – Clean Version) and a declaration.

For these reasons, Plaintiff respectfully filed this motion and requests this Court to GRANT him leave to file a Fourth Amended Complaint and reset the case schedule as below:

| Initial Expert Disclosures | October 14, 2021 |
| --- | --- |
| Rebuttal Expert Disclosures | October 28, 2021 |
| Close of Discovery | November 30, 2021 |
| Dispositive Motion Filing Deadline | February 4, 2022 |
| Pretrial Conference | May 30, 2022 |
| Trial | June 13, 2022 |

## II. ARGUMENT

### A. STANDARD FOR MODIFYING SCHEDULING ORDER REQUIRES GOOD CAUSE

The parties agree that motions to modify scheduling orders must be supported by "good cause." Fed. R. Civ. P. 16(b). The good cause standard mainly considers the diligence of the party seeking to modify. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A modification is appropriate if the pretrial schedule cannot reasonably be met despite the diligence of the party seeking modification. (Id.) "Carelessness is not compatible with a finding of diligence." (Id.) Prejudice to the opposing party is an additional reason to deny the motion, but the analysis

should focus on the movant's reasons to modify. (Id.) The inquiry ends if the moving party was not diligent. (Id.)

## B. THERE IS GOOD CAUSE TO GRANT PLAINTIFF LEAVE TO FILE A FOURTH AMENDED COMPLAINT

### 1. Good Cause for Amended Complaint

There is ample good cause to grant Plaintiff leave to clarify and amend his *Monell* claim because Plaintiff only received the relevant information and evidence related to his *Monell* theory on January 12, 2021. Plaintiff investigated and researched whether the alternate theory of relief was viable under the current law. Plaintiff intends to pursue his *Monell* claim alleging the department's culture of excessive force, including Defendant McLaughlin's involvement in the vigilante police gang within the department, which proximately caused the violation of Plaintiff's constitutional rights.

Plaintiff has a sound legal basis to pursue such a claim, as was done in the case of *Hunter v. County of Sacramento*, where the Ninth Circuit held that a plaintiff can prove the "practice or custom" prong of a *Monell* claim with evidence that a law enforcement agency repeatedly failed to both investigate or discipline officers' unconstitutional conduct creating a widespread custom of using excessive force that proximately caused the plaintiff's unconstitutional injury. *See Hunter v. County of Sacramento*, 652 F.3d 1225 (9th Cir. 2011). Notably the plaintiff in *Hunter* also had sworn testimony from a former supervisor that described the unconstitutional culture. (Id.) Therefore, Plaintiff has shown good cause to amend the case schedule and grant Plaintiff leave to file a Fourth Amended Complaint to describe this new evidence and alternate theory of liability that was only discovered in January of 2021.

### 2. There Is No Prejudice and Amendment Is Not Futile

Federal Rules of Civil Procedure Rule 15 states that the court "should freely give leave" to amend "when justice so requires." FRCP 15 (a) (2). The Supreme Court elaborated that "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178,182 (USC 1962); see also, *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989) "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted).

The grant or denial of an opportunity to amend is within the discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment" are grounds to deny a proposed amendment. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir.2002) (emphasis added), quoting *Foman*, 371 U.S. at 182.

1. *Undue Delay*

Plaintiff did not have any dilatory motive or undue delay in not moving sooner to addend his *Monell* claim because he only learned of the relevant evidence in January 2021 – and was required to diligently investigate the newly discovered information, which he did. Furthermore, Plaintiff was diligent in taking sufficient time to review, research and determine the legal basis of his new claims.

2. *Bad Faith*

Plaintiff does not seek this amendment in bad faith and Defendant has no basis to allege bad faith.

### 3. Undue Prejudice

The Defendants cannot meet their burden of showing undue prejudice, and the proposed amendments would neither substantially alter the nature of the litigation nor create an entirely new case. *Hurn v. Retirement Fund Trust of the Plumbing, Heating, and Piping Industry of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (where operative facts remain the same, parties should be fully prepared to litigate the issues); *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004) (no substantial prejudice where the claims plaintiff sought to add depended on same set of facts as in original complaint and "defendants need not radically change their litigation strategy" in light of these claims).

Amendments to a complaint that do not "substantially alter the nature of the litigation" or "require a party to create an entirely new theory of the case" are not prejudicial simply because they may require the other party to conduct some additional discovery. Id. at *13.  "Prejudice may be found where significant or extensive discovery is necessitated by amendment under circumstances where the . . . litigation is radically shifted by the amendment." *Moore v. County of Kern*, 2007 U.S. Dist. LEXIS 74199, at *21 (E.D. Cal. Sept. 23, 2007) (citations omitted).  On the other hand, "the mere fact of some additional discovery does not necessarily amount to the substantial prejudice required for denying leave to amend where no substantial delay would result." Id. at *21-22 (citations omitted).  Also, the need for additional discovery is not prejudicial when "the closing of merits discovery or the dispositive motions deadline" have not passed. *Johnson v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 30884, at *11-12 (W.D. Wash. March 21, 2008) (citing *Howey v. United States*, 482 F.2d 1187, 1191 (9th Cir. 1973)).

Defendants can show no prejudice, since they were aware of Defendant McLaughlin's participation in the badge bending and police gang, which Defendant Chief Bidou intentionally concealed from Plaintiff and the public.

4. *Futility*

Plaintiff's addition of important *Monell* facts would not be futile because he is not adding a new claim, but merely adding and clarifying the basis for his *Monell* claim.

For all the aforementioned reasons, the Court should GRANT Plaintiff leave to file his Fourth Amended Complaint.

**C. THERE IS GOOD CAUSE TO EXTEND THE DISCOVERY DATES**

There is good cause to extend the discovery dates because Plaintiff has been diligent and the pretrial schedule cannot be reasonably met. Plaintiff received information and evidence related to his *Monell* theory on January 12, 2021. Plaintiff immediately investigated and researched whether the alternate theory of relief was viable. After completing his due diligence, Plaintiff served discovery requests and contacted Defendants to extend the case schedule dates for this purpose.

There is currently approximately two months of discovery left. Even if Defendant were to serve relevant responses in late April, Plaintiff would need time to review the discovery, address the objections and seek Court intervention to compel relevant disclosures. Furthermore, Plaintiff needs these disclosures before taking the depositions of Chief Bidou, relevant supervisors, ex-Capt. Whitney and Rule 30 (b)(6) witnesses. Additionally, the depositions of these deponents will likely lead Plaintiff to pursue other discovery avenues depended on what evidence and/or leads the deponents reveal.

Given the gravity and breadth of these newly discovered revelations an extension will undoubtedly benefit both parties. Additional time will not only allow Plaintiff sufficient time to

prosecute his claims but also allow time and discovery opportunities for Defendants to adequately prepare their defense. Furthermore, Plaintiff moves for this request with significant time prior to the close of discovery and under extenuating circumstances. Those circumstances include the facts that: 1) Plaintiff first learned of the relevant evidence less than three months ago, 2) Plaintiff's counsel started their own firms, and 3) discovery has been significantly hampered due to the pandemic.

Courts have permitted amendments to a scheduling order whenever there are "extenuating circumstances". *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group*, Inc., 116 F.R.D. 363, 365–66 (M.D.N.C.1987) ("Good cause" shown when there are "extenuating circumstances.").

A reasonable discovery schedule may be enforced, even if relevant discovery is denied, unless extenuating circumstances compel a contrary finding. *Id.; see generally Otero v. Buslee*, 695 F.2d 1244 (10th Cir.1982) *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138 (D.Me.1985); *Kleinfeld v. Tiffany Industries, Inc.*, 109 F.R.D. 333 (E.D.Mo.1985) (discovery extended 22 months, case 7 years old); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir.1984) (2–month discovery for pro se plaintiff too short, normal period 4 months).

In *Parkway*, the Court granted an amendment to the case schedule and granted plaintiff leave to take 3 depositions **after the passing of the discovery deadline**, because the court found extenuating circumstances where plaintiff had employed informal discovery methods and ultimately ran out of time – over the defendants' objections that the plaintiff had 6 months to take the depositions and never did. *Parkway,* supra at 365. The plaintiffs even made the request after the close of all discovery. (Id.) Here, Plaintiffs are requesting an extension while fact discovery is still open and the request would benefit both parties. Furthermore, Plaintiffs did not know the information until

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

10

recently. Courts have granted amendments under much less extenuating situations than presented in the case at bar, even after the close of discovery.

Although Defendants may argue that Plaintiff "should have acted sooner if he was concerned about the state of discovery" it is clear from the record that "[Plaintiff's] delay does not rise to the level of 'carelessness' especially in pandemic conditions" that precludes amendment. *See Atienza v. Hall*, Case No.: 3:19-cv-03440-RS at Doc. 69 (N.D. Sept. 16, 2020) (granting plaintiffs motion for leave to amend the pretrial order where plaintiffs waited until **three weeks before close of discovery** to take 8-10 depositions and inspect a vehicle). Here too, while Defendants may argue that Plaintiff should have acted sooner- Plaintiff's counsels started their own respective firms during a pandemic, had to transition cases from hard copy to electronic files, has diligently conduct discovery during a pandemic and only learned of this higly relevant evidence recently.

### III.   CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests the Court GRANT Plaintiff's motion to amend and reset the case schedule.

Date: April 5, 2021                                    Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFF BURRELL

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

11