ADANTE POINTER, ESQ., SBN 236229
PATRICK BUELNA, ESQ., SBN 317043
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 707-805-7805
Email:  APointer@LawyersFTP.com
Email:  PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BURRELL, an individual, | Case No.: 2:19-cv-01898-WBS-KJN |
| Plaintiff, | **DECLARATION OF PATRICK BUELNA** |
| v. | |
| CITY OF VALLEJO, et al. | |
| Defendants. | |

I, PATRICK M. BUELNA, declare:

1. I am the attorney of record for Plaintiff in this action. I am licensed to practice in the state of California and have been admitted to courts in the Northern, Eastern and Central District of California, and the Ninth Circuit Court of Appeals. I have personal knowledge of the facts contained in this declaration, and if called upon to testify I could and would testify competently as to the truth of the facts contained herein.

2. On January 7, 2021, Defendants served complete disclosures after meeting and conferring regards Defendants' responses to Plaintiff's Rule 34 Requests, Set One (1).

3. On January 12, 2021, Plaintiffs' counsel received a copy of Capt. Whitney's lawsuit.

4. Upon information and belief, Plaintiff believes Defendant McLaughlin was a member of the "Badge of Honor" gang and had bent his badge to commemorate killing a citizen prior to the subject incident.

5. On January 21, 2021, Plaintiff Burrell sent Defendants an email requesting availability for depositions so that Plaintiff could depose a number of Vallejo employees and ex-employees related to their *Monell* claim, due to the information Plaintiff learned from ex-Capt. Whitney's lawsuit.

6. On January 22, 2021, Plaintiff Burrell served requests for inspection, production of documents and special interrogatories related to Plaintiff's *Monell* claim.

7. On January 25, 2021, Defendants disputed the scope of Plaintiff's *Monell* discovery requests and the parties jointly requested an informal discovery dispute hearing. The parties exchanged a joint letter and the hearing was scheduled to be heard on February 16, 2021, to determine if Plaintiff could inspect the badges of Vallejo officers that had discharged their firearm and take the deposition of Vallejo City Manager Greg Nyhoff, who was present during key meetings related to the badge bending. The hearing was scheduled to take place on February 16, 2021.

8. On February 11, 2021, Plaintiff conversed with Defendants and informed them that they would be withdrawing their discovery requests and *Monell*-related depositions which Plaintiff

believed were premature for judicial intervention and required additional fact gathering. The parties informed the Court they were withdrawing their dispute and the Court took the discovery hearing off calendar.

9. On March 1, 2021, Plaintiff emailed Defendants seeking a 120-day extension of discovery, due to the newly uncovered information. Plaintiff notified Defendants that he would move the Court for relief.

10. On March 2, 2021, Defendants responded that they would only agree to a 60-day extension.

11. On March 24, 2021, after gathering additional new information, Plaintiff served Defendants with requests for production of documents, admissions and special interrogatories related to his *Monell* claim, alleging department's culture of excessive force, a vigilante police gang developing within the department and that it proximately caused the violation of Plaintiff's constitutional violation.

12. On March 25, 2021, Defendants' counsel requested a 60-day extension to respond to the discovery requests, because Defendants' counsel had a trial scheduled and two dispositive motions due in other cases.

13. On the same day, Plaintiff explained he would be agreeable, but the extension would not leave Plaintiff anytime to follow up on Defendants' responses – the responses would be due just a few days before expert reports would be due. Plaintiff again requested Defendant stipulate to adjusting the case schedule to extend fact discovery, making expert disclosure reports due in January 2022.

14. On March 26, 2021, the parties had a telephonic meet and confer in which Plaintiff explained that he intended to move for relief from the Court to file a Fourth Amended Complaint to detail Plaintiff's *Monell* claim and reset the case schedule to have expert disclosures due in January 2022.

15. Plaintiff explained there was good cause for an amendment because Plaintiff only learned of the relevant *Monell* evidence on January 12, 2021 and in order to prosecute the claim requires several depositions and discovery. Furthermore, the COVID-19 virus greatly impacted both parties ability to conduct relevant discovery in this case.

16. Also, Defendants still intend to dispute the scope of Plaintiff's *Monell* claim and the parties anticipate having to file an informal discovery dispute on the matter in May, 2021 – weeks before the expert disclosure reports are due. Defendants would not stipulate.

17. EXHIBIT 1 -  is a true and correct copy of Plaintiffs' Proposed Fourth Amended Complaint with redline edits.

18. EXHIBIT 2 -  is a true and correct copy of Plaintiffs' Proposed Fourth Amended Complaint.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: April 6, 2021                                     Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFFS